UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEVEALLION DEAN                                     CIVIL ACTION

VERSUS                                             NO.   06-3770

SHERIFF HARRY LEE                                   SECTION "F"(4)

REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

I.      **Factual Background**

     A.      **The Complaint**

The plaintiff, Deveallion Dean ("Dean"), was incarcerated in the LaSalle Correctional Center in Olla, Louisiana, at the time of the filing of this *pro se* and *in forma pauperis* complaint.[1]  He filed this complaint pursuant to Title 42 U.S.C. § 1983 against Jefferson Parish Sheriff Harry Lee and, under a broad reading, the Jefferson Parish Sheriff's Department seeking to recover damages as a

---

[1]Dean was later transferred to the Richwood Correctional Center in Monroe, Louisiana.  Rec. Doc. No. 5.

result of the excessive force used by Sheriff's Deputies during his arrest and delayed medical care for his injuries.

Dean alleges that he was handcuffed and then viciously and brutally beaten by the Sheriff's Deputies who arrested him on November 3, 2005. He also claims that he was then sprayed with pepper spray and beaten again. He alleges that this caused him pain in his head, hands, body, and private parts. He claims that he now takes Prozac as a result of being beaten.

Dean also alleges that he was denied immediate medical attention by the Jefferson Parish prison officials. He claims that he was not treated for his injuries until two days after the arrest.

Dean further complains that he was transferred to a Louisiana Department of Corrections facility while he was a pretrial detainee awaiting trial on charges of battery, possession with intent to distribute, and possession of marijuana. He also indicates that he was eventually sentenced to 10 years on these same charges. Dean seeks to recover $2 million, dismissal of the pending charges, and additional damages for his pain and suffering.

## II.   <u>Standard of Review</u>

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) requires the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint. Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

2

A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiffs' claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

    **A.    Claims Against Sheriff Harry Lee**

Dean filed suit seeking damages against Sheriff Harry Lee because, under a broad reading, he is the employer or supervisor of the officers who allegedly beat him and unlawfully  failed to provide him with adequate medical care.  However, a supervisory official, like Sheriff Lee, cannot be held liable under § 1983 under a theory of *respondeat superior* simply because a deputy at the prison allegedly violated the plaintiff's constitutional rights.  *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).

Rather, Sheriff Lee may only be liable under § 1983 if he was personally involved in the acts causing the deprivation of the plaintiff's constitutional rights or a causal connection existed between an act by Sheriff Lee and the alleged constitutional violation.  *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120, 123 (5th Cir.

1980).  Dean does not allege that  Sheriff Lee was present for, or personally involved in, his arrest or the alleged beating.

However, a sheriff, warden, or other supervising officer not personally involved in the acts that deprived the plaintiff of his constitutional rights may be liable under § 1983 if:  (1) the warden or supervising officer failed to train or supervise the subordinate officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's constitutional rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights.  *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991) (citations omitted).  Proof of a single instance, rather than a pattern of similar violations, normally will not sustain a plaintiff's claim that a lack of training or supervision caused a violation of his constitutional rights.  *Id.* (citing *Snyder v. Trepagnier*, 142 F.3d 791, 798-99 (5th Cir.1998) and *Thompkins v. Belt*, 828 F.2d 298, 304-05 (5th Cir.1987)). Finally, the inadequacy of the training "must be obvious and obviously likely to result in a constitutional violation ." *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 390 n.10 (1989)).

Supervisory liability may additionally exist "without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  *Id.* at 304.  An official policy is:

1.      a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [government entity] ... or by an official to whom the [entity] ha[s] delegated policy-making authority; or

2.      A persistent, widespread practice of ... officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents [the entity's] policy.

*Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir.1992).  A plaintiff may also establish a custom or policy based on an isolated decision made in the context of a particular situation if the decision was made by an authorized policymaker in whom final authority rested regarding the action ordered.  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

In the instant case,  Dean  has not alleged that the beating was the result of a failure to train or that some policy set forth by Sheriff Lee such to invoke vicarious liability.  Instead, he simply names Sheriff Lee as the head of the Jefferson Parish Sheriff's Department over the deputies who allegedly arrested and  beat him.  Thus, the Court finds that Dean's claims against Sheriff Lee are frivolous and otherwise fail to state a claim for which relief can be granted.

### B.      Jefferson Parish Sheriff's Department

Under a broad reading, Dean mentions the Jefferson Parish Sheriff's Department as a potential defendant in the margin of page two of his complaint.  To the extent he intended to name the Jefferson Parish Sheriff's Department as a defendant, it is not a proper defendant and his claims are still frivolous.

In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether the  Jefferson Parish Sheriff's Department has the capacity to sue or be sued in this action.[2]  Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person."  This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership."  La. Civ. Code art. 24.  In Louisiana,

---

[2]Rule 17(b) of the Federal Rules of Civil Procedure provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  *See* Fed. R. Civ. P. 17(b).

however, Parish Sheriff's Offices are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988).

Accordingly, to the extent Dean's seeks to raise claims against the Jefferson Parish Sheriff's Department as a defendant, his claims should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted.

## IV.   Recommendation

It is therefore **RECOMMENDED** that Deveallion Dean's claims pursuant to Title 42 U.S.C. §1983 against Sheriff Harry Lee and the Jefferson Parish Sheriff's Department be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this \_\_\_\_8th\_\_\_\_ day of _____March_____, 2007.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**